[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10263
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:10-cr-00041-RLV-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NOE GONZALEZ HERNANDEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 16, 2011)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Noe Gonzalez Hernandez appeals his sentence of 41 months of imprisonment for reentering the United States illegally. 8 U.S.C. § 1326(a), (b)(2). Hernandez argues that his sentence is unreasonable. We affirm.

The district court did not abuse its discretion when it sentenced Hernandez at the low end of the guideline range. In 2003, Hernandez was convicted of trafficking in cocaine and deported from the United States, and in 2010, agents apprehended Hernandez in Georgia, where he had been residing for approximately four years ostensibly to escape death threats that he had received in Mexico. The district court "[took] into account the requirements of 18 U.S.C. § 3553(a)" and reasonably determined that a sentence of 41 months of imprisonment, which is well below the statutory maximum of 20 years, "[took] into account [Hernandez's personal] circumstances and offense and history and characteristics" yet would "provide[] adequate punishment" and "deter[]" him from reentering the United States illegally yet again. Hernandez argues that the 16-level enhancement of his base offense level based on his conviction in 1998 for trafficking in cocaine base, United States Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii), "is inappropriate and unreasonable because there is no empirical or national evidence supporting such an enhancement," but the lack of such evidence does not require

that the district court disregard the advisory guideline.  See United States v. Snipes, 611 F.3d 855, 870 (11th Cir. 2010).  Hernandez's sentence is reasonable.

We **AFFIRM** Hernandez's sentence.

**AFFIRMED**.